

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3373
Re: Will nurseries operating in
the open without a building
of any kind be subject to
the chain store tax?

You have requested the opinion of this Department
on the facts set out in your letter as follows:

"On October 21, 1940, we requested from
you an opinion in regards to whether or not nur-
series were subject to the store tax. We gave
you a statement of facts regarding the operation
of these nurseries and, in turn, you wrote an
opinion dated November 4, 1940.

"Under the facts in that opinion the es-
tablishment in question is a building in which
a number of trees, plants, and shrubs are kept
and exhibited to the public. The nurseries have
advised me that according to your opinion unless
they have a building from which sales of mer-
chandise are made they will not be subject to
the tax.

"I will thank you if you will please advise
me if nurseries operating out in the open with-
out a building of any kind will be subject to
the store tax."

In opinion No. O-2776 the establishment in question
was a building in which a number of trees, plants and shrubs,
etc., were kept and exhibited for sale to the public. Under
such facts this Department ruled in that opinion that such
establishment was subject to the Texas Chain Store Tax.

We again call your attention to Section 7 of the
Chain Store Tax Act, Article 1111d, Vernon's Annotated Penal

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable George H. Sheppard, Page 2

Code, which reads as follows:

"Sec. 7. The term 'store' as used in this
Act shall be construed to mean and include any
store or stores or any mercantile establishment
or establishments not specifically exempted with-
in this Act which are owned, operated, maintained,
or controlled by the same person, agent, receiver,
trustee, firm, corporation, copartnership or as-
sociation, either domestic or foreign, in which
goods, wares or merchandise of any kind are sold,
at retail or wholesale."

We also again refer you to the interpretation of
the above quoted section by the Commission of Appeals in the
case of Hurt v. Cooper, 110 S. W. (2d) 896, where the court
states as follows:

"The statute having defined the word, we
are not concerned with its usual meaning. Under
that definition a mercantile establishment at
which goods, wares, or merchandise of any kind,
except those exempted, are sold is a store and
is taxable as such, and this even though it may
also be a distributing point." (Emphasis ours)

Based on the above this Department ruled in said
opinion O-2776, as follows:

"It is the opinion of this department that
a place of business established for the sale of
trees, plants, etc. from which place of business
such commodities are sold is a "store" as that
term is defined in the Texas Chain Store Act,
supra, and such place of business is subject to
the payment of the chain store tax."

As we understand your question you submit a situa-
tion where an establishment is maintained under the manner
discussed in the above quoted opinion with the exception that
the establishment is not a building but rather the business
is conducted out in the open. The term "mercantile establish-
ment" is defined in 27 Words and Phrases 65, as follows:

"The word 'establishment' means an institu-
tion, place, building, or location. The word

'mercantile' in its ordinary acceptance means pertaining to the business of merchants and is concerned with trade or buying and selling of merchandise. The meaning of the word 'establishment' is greatly restricted when used following the word 'mercantile', and the expression 'mercantile establishment' refers to an institution of mercantile business or a place, building, or location where mercantile business or the buying or selling of merchandise is conducted or engaged in. Veazey Drug Co. v. Bruza, 37 F. 2d 294, 169 Okl. 418."

As stated in the above definition the term "establishment" would include either an institution, place, building or location. It is our opinion therefore that an establishment operating as discussed herein from an open lot rather than a building would still be subject to the Texas Chain Store Tax. We call your attention further to the fact that numerous businesses that are conducted in the open have been paying the chain store tax since its enactment. For example automobile dealers that maintain only open lots for the sale of second-hand cars have been paying the chain store tax on such lots. The test as we see it is as follows:

Where you have an established place of business for the sale of goods, wares or merchandise of any kind, whether the same be a building or not, the same would be subject to the Texas Chain Store Tax.

It is the opinion of this Department therefore that under the facts you submit the establishment in question is subject to the Texas Chain Store Tax.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _Billy Goldberg_

Billy Goldberg
Assistant

APPROVED MAY 14, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

BG:MP

